IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-80-M-BM

| | | |
|---|---|---|
| STEPHANIE GILMORE,<br><br>Plaintiff,<br><br>v.<br><br>MARK WALL, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MEMORANDUM AND RECOMMENDATION** |

This case is before the court, in part, on the motion by defendants Mark Wall, Matthew Hayes, Adelene Olickara Matthew, Cardinal Charter Academy, and Charter Schools USA[1] (collectively "defendants") [DE-10] to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint [DE-1-2] of *pro se* plaintiff Stephanie Gilmore ("plaintiff"). Also before the court is plaintiff's motion to amend her complaint [DE-25]. The motions were referred to the undersigned magistrate judge for a memorandum and recommendation, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated below, it will be recommended that plaintiff's motion to amend the complaint be allowed and defendants' motion to dismiss be denied as moot without prejudice.

## I. BACKGROUND

### A. Procedural History

On January 15, 2026, *pro se* plaintiff filed her complaint[2] against defendants in Wake

[1] In the memorandum in support of their dismissal motion, defendants state that the complaint misidentifies Principal John Wall as Mark Wall, Triangle Charter Association, Inc. d/b/a Cardinal Charter Academy as Cardinal Charter Academy, and Charter Schools USA at Cary, LLC as Charter Schools USA. [DE-11] at 1 nn.1-3.

[2] The court notes that plaintiff includes the full name of a minor in the complaint [DE-1-2] and first response to defendants' motion to dismiss [DE-17]. In any future filings, plaintiff shall identify this minor and any other minors only by the minor's initials in accordance with Federal Rule of Civil Procedure 5.2(a)(3). The court is ordering, below, the sealing of the complaint and first response to defendants' dismissal motion, pursuant to Rule 5.2(a)(3) and Local Civil Rule 79.2, to protect the privacy of the minor.

County Superior Court. *See* [DE-1-2] at 2.[3] On or about January 21, 2026, Defendant Wall was served with copies of the summons and complaint. *See* [DE-1] at 1-2, ¶ 2; [DE-1-4] at 2 (civil summons form listing all defendants with an issuance date of Jan. 15, 2026). On February 13, 2026, defendants filed in this court a notice of removal of the state court action to this court based upon federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. [DE-1] at 1-4.

On February 20, 2026, defendants filed the instant motion to dismiss plaintiff's complaint [DE-10] with a supporting memorandum [DE-11]. On February 23, 2026, plaintiff filed a response in opposition [DE-17], to which defendants filed a reply [DE-21] on March 17, 2026.[4] Plaintiff filed on March 30, 2026—after the March 13, 2026 deadline for responding to the motion to dismiss had passed, *see* Local Civil Rule 7.1(f)(1)—a second response in opposition [DE-24] to the motion to dismiss. Defendants did not file a reply to this second response. Because of its tardiness, the court has not considered the second response in its evaluation of the instant motions.

Plaintiff filed her motion to amend the complaint on March 30, 2026 [DE-25].[5] Defendants did not respond to the motion, and the time for filing a response has expired.

**B. Plaintiff's Alleged Claims**

The court reads the complaint to assert alleged claims under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and 42 U.S.C. § 1983, including claims for alleged violations of the First Amendment to the Constitution and the

---

[3] As with all other court filings, the page citations for the complaint are to the numbers assigned by the court's filing system, CM/ECF.

[4] On March 6, 2026, defendants filed a motion for extension of time to file a reply [DE-19], and on March 11, 2026, the court entered an order granting the motion [DE-20], allowing defendants up to and including March 23, 2026, to file a reply.

[5] The texts of [DE-24] and [DE-25] are the same.

Equal Protection and Due Process Clauses of the Constitution. *See* [DE-1-2] at 2-3.[6] Plaintiff asserts that:

> Between October 2025 until January 11,2026, plaintiff have [sic] engaged in protected activity including, utilizing the Charter schools USA grievance process. I was reporting harassment of my child, by an instructor. I was requested a site [sic] down meeting with school officials with no response. Complaints and grievances were made in good faith. Defendant had actual knowledge of plaintiffs [sic] protected activity through verbal, and written complaints and emails.

*Id.* at 2.

Plaintiff further alleges that in response to this "protected activity," defendants "took materially adverse action against plaintiff" including "[h]arassment and bullying" of plaintiff's child, "[i]ncreased scrutiny and selective enforcement of rules," and that plaintiff being "trespassed from school property." *Id.* Plaintiff asserts that a "direct link exists between [p]laintiffs [sic] protected activity and defendants' adverse actions" due to the "[t]emporal proximity . . . [d]eparture from normal procedures . . . [d]isparate treatment compared to similarly situated students . . . [and s]tatements or conduct evidencing retaliatory motive." *Id.*

Plaintiff seeks: (i) declaratory relief that defendants' conduct was unlawful; (ii) an injunction preventing defendants from engaging in "further retaliation"; (iii) an order for "corrective action and restoration of plaintiffs [sic] status"; (iv) "compensatory damages"; and (v) "such other relief as the [c]ourts deem just and proper." [DE 1-2] at 3.

**C. Defendants' Motion to Dismiss**

In support of their motion to dismiss, defendants allege that plaintiff "confronted and

[6] The complaint states, in relevant part, "[t]he North Carolina a Civil Court has jurisdiction pursuant to [Title IX/ ADA/Section 504/ 42 U.S.C./ 1983," "Defendant violated plaintiff rights under [statue 42 U.S.C. 1983]," and "Defendant's retaliation violated Plaintiffs First Amendment/ Equal Protection/ Due Process rights." [DE-1-2] at 2-3 (quotations as in original).

threatened" the principal of her child's school after her child "violated school policy and was sent to the principal's office." [DE-11] at 1. Defendants assert that "the school issued a trespass order barring [plaintiff] from school property" after "she became visibly upset and threatening toward the school's principal." *Id.* at 1-2. Defendants state that plaintiff "alleges no facts stating a cognizable claim and [her complaint] should be dismissed." *Id.* at 2. Specifically, defendants contend that plaintiff fails to state any plausible federal claim (*id.* at 4), she does not allege sex discrimination (*id.* at 5), she does not allege disability discrimination (*id.* at 5-6), she does not plead a plausible constitutional violation (*id.* at 6), her statutory claims do not create individual liability (*id.* at 12), and her complaint is a group shotgun pleading (*id.*).

In response, plaintiff asserts that she "has alleged sufficient facts to state a claim." [DE-17] at 1. In particular, plaintiff contends that defendants "engaged in continued harassment" of plaintiff's minor child and that in response plaintiff "engaged in lawful protected activity by filing a grievance using defendants [sic] grievance process." *Id.* Plaintiff asserts that defendants then "immediately retaliated against plaintiff by trespassing plaintiff from defendants' property" and that she and her child suffered "humiliation, anxiety, educational harm, emotional distress and financial loss." *Id.*

In reply, defendants contend that plaintiff's response "relies on numerous factual allegations not contained in" plaintiff's complaint. [DE-21] at 1. Defendants state that "[d]efendants' Motion to Dismiss tests the sufficiency of the [c]omplaint as filed" such that plaintiff's "newly asserted facts in opposition cannot cure the [c]omplaint's pleading defects." *Id.* at 2. Defendants further argue "even if the [c]ourt were to consider the new allegations in [p]laintiff's Response in Opposition, those additional facts still fail to state a plausible claim for

relief." *Id.*

## II. APPLICABLE LAW

### A. Dismissal under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if "it appears certain that the plaintiff cannot prove any set of facts in support of [their] claim entitling [them] to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Ordinarily, the complaint need contain simply "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Yet a complaint is insufficient if it offers merely "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and shows more than "a sheer possibility that a defendant has acted unlawfully." *Id.*; *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 425 (4th Cir. 2015) ("[I]t is not our task at the motion-to-dismiss stage to determine 'whether a lawful alternative explanation appear[s] more likely' from the facts of the complaint." (alteration in original) (quoting *Houck v. Substitute Tr. Servs., Inc.*,

791 F.3d 473, 484 (4th Cir. 2015))), *as amended on reh'g in part* (Oct. 29, 2015).

In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged complaint and view those allegations in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *see also Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268 (4th Cir. 2005) (noting that the court must accept as true all factual allegations of the complaint). All reasonable factual inferences from the allegations must be drawn in the plaintiff's favor. *Edwards*, 178 F.3d at 244. Yet bare assertions of legal conclusions or formulaic recitations of the elements of a claim are not entitled to be assumed true. *Iqbal*, 556 U.S. at 680-81. Finally, complaints filed by *pro se* plaintiffs are entitled to liberal construction. *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016) ("We are mindful of our obligation to liberally construe a pro se complaint."); *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989) ("Pro se complaints are to be read liberally.").

**B. Amendment under Rule 15**

Rule 15 provides that a party may amend its pleading as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). After that period, each opposing party's written consent or the court's leave is needed to amend. *Id.*(a)(2). Nonetheless, leave "should [be] freely [given] when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). "A motion to amend should be denied only where

it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001)).

## III. DISCUSSION

The court turns first to plaintiff's motion to amend in the interest of judicial efficiency. If permitted under applicable law, amendment of the complaint could conceivably eliminate or rectify purported claims challenged by defendants' dismissal motion. In light of that possibility, determination of the dismissal motion prior to such amendment would be an inefficient allocation of judicial resources.[7]

In her motion to amend, plaintiff contends, in part, that she is "well within the 21 days requirement" to amend her complaint "after the Defendant [sic] files an answer or motion to dismiss." [DE-25] at 1. The court disagrees.

Defendants served their motion to dismiss on February 20, 2026. Therefore, under Rule 15 (a)(1)(B), plaintiff had 21 days after February 20, 2026, or until March 13, 2026, to amend her complaint. She did not file her motion to amend the complaint until March 30, 2026, over two weeks after this deadline.

To the extent that plaintiff is alleging that her responding in opposition to the motion to dismiss *is* her amending her complaint, she is also incorrect. A complaint "may not be amended by the briefs in opposition to a motion to dismiss." *Couch v. City of Virginia Beach*, 768 F. Supp. 3d 741, 748 n.7 (E.D. Va. 2025) (quoting *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp.

[7] The court has, of course, reviewed carefully the arguments of the parties and, as to defendants, the legal authorities advanced regarding the dismissal motion. It expresses no opinion on the merits of that motion. Its decision to begin its evaluation of the motions in this Memorandum and Recommendation with the motion to amend and ultimate determination to find the motion to dismiss moot at this point should not be interpreted otherwise.

2d 909, 917 n.9 (E.D. Va. 2004)); *see* also *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Sadler v. Pella Corp.*, 146 F. Supp. 3d 734, 760 n.13 (D.S.C. 2015) (finding the same).

As noted above, "[a] motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp.*, 535 F.3d at 298 (citing *HCMF Corp.*, 238 F.3d at 276-77). The court notes that defendants did not file a separate response in opposition to plaintiff's motion to amend the complaint. Defendants therefore have not alleged that plaintiff's motion to amend was entered in bad faith or would be prejudicial. *See generally* [DE-21]. Defendants do allege in their reply to plaintiff's first response to the dismissal motion that "[e]ven if the [c]ourt were to consider the additional factual assertions raised in [p]laintiff's Response in Opposition, those allegations do not cure the [c]omplaint's fundamental deficiencies." *Id.* at 3.

As referenced, defendants' memorandum in support of their motion to dismiss asserts that plaintiff's complaint should be dismissed because it fails to state any plausible federal claim. [DE-11] at 4. Plaintiff's complaint, indeed, suffers from a lack of specificity, and it is unclear from plaintiff's complaint which alleged facts are intended to support the relevant elements of certain legal claims. *See generally* [DE-1-2]. Additionally, plaintiff's complaint does not clarify which claims are being asserted against which defendants. For example, plaintiff asserts that materially adverse action included "[h]arrassment and bullying of [plaintiff's] child" but the complaint is ambiguous as to who harassed or bullied plaintiff's child. *Id.* at 2. Yet plaintiff does assert in her motion to amend the complaint that the "disputes over school discipline and administrative

decisions" are "due to [p]laintiff's race and gender." [DE-25] at 1. She further states that while four children filed grievances against defendant Mathew, only her daughter, the "only Black student," was "suspended for making an alleged unfounded claim." *Id.*

*Pro se* litigants have an "untutored hand requiring special judicial solicitude." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). Therefore, *pro se* "litigants with meritorious claims should not be tripped up in court on technical niceties." *Id.* at 1278. Viewed through this lens, here, an amended complaint would not clearly be futile. The subject matter underlying plaintiff's complaint is not clearly frivolous and plaintiff may be able to make allegations sufficient to support the claims she seeks to assert.

## IV. CONCLUSION

For the reasons stated above, the clerk of court is DIRECTED to SEAL the complaint [DE-1-2] and plaintiff's response to defendants' motion to dismiss [DE-17] in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Local Civil Rule 79.2, except as may otherwise in the future be ordered by the court.

Additionally, for the reasons stated above, it is RECOMMENDED that the court enter an order providing as follows:

1. Plaintiff's motion to amend the complaint [DE-25] is GRANTED. Plaintiff is ADVISED that an "amended complaint supersedes a prior complaint and renders it of no legal effect." *Burnett v. United States*, No. 2:21CV565, 2022 WL 2651438, at *2 (E.D. Va. July 8, 2022) (citing *Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001)). In other words, the amended complaint would become the operative complaint. Plaintiff's amended complaint should therefore clearly state,

with specificity, (i) every claim plaintiff intends to assert against each defendant and (ii) clearly set forth all factual allegations upon which each asserted claim is based;

a. Plaintiff shall have 21 days from the date of entry of this order in which to file an amended complaint;

b. If plaintiff fails to file an amended complaint within 21 days from the date of entry of this order, the clerk of court is ordered to DISMISS the complaint WITH PREJUDICE;

2. Defendants' motion to dismiss [DE-10] is DENIED AS MOOT without prejudice.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served today on the respective parties or, if represented, their counsel. Each party shall have until **August 31, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed by the earlier of 14 days from the filing of the objections or September 11, 2026.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding**

**district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's not filing written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this 19th day of August 2026.

Brian S. Meyers
United States Magistrate Judge