IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:26-CV-00080-M-BM

| | | |
|---|---|---|
| STEPHANIE GILMORE,<br><br>Plaintiff,<br><br>v.<br><br>MARK WALL, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

This matter comes before the court on the Defendants' Motion to Dismiss [DE 10] and Plaintiff's motion to amend. [DE 25]. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Brian S. Meyers entered a memorandum and recommendation ("M&R"), recommending that the court grant Plaintiff leave to amend her complaint and deny Defendant's Motion to Dismiss as moot. DE 28. To date, no objections have been filed.[1] However, on September 8, 2026, Plaintiff, without leave of court,[2] filed an amended pleading. DE 29.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of

---

[1] Judge Meyers issued the M&R on August 19, 2026. Objections were due to be filed on or before August 31, 2026. *See* DE 28. The motion and M&R were submitted to this court for disposition on September 4, 2026.

[2] Judge Meyers recommended, rather than ordered, that Plaintiff be granted leave to amend the operative pleading. *See* DE 28.

those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

First, the court finds Plaintiff filed an amended pleading without leave of court in contravention of Rule 15 of the Federal Rules of Civil Procedure. *See* DE 29. Accordingly, that filing is STRICKEN. *See* Fed. R. Civ. P. 12(f).

Second, upon careful review of the M&R and the record presented, and finding no clear error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein,

1. Plaintiff's motion to amend the complaint [DE 25] is GRANTED. Plaintiff is ADVISED that an "amended complaint supersedes a prior complaint and renders it of no legal effect." *Burnett v. United States*, No. 2:21CV565, 2022 WL 2651438, at *2 (E.D. Va. July 8, 2022) (citing *Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001)). In other words, the amended complaint would become the operative complaint. Plaintiff's amended complaint should therefore clearly state, with specificity, (i) every claim plaintiff intends to assert against each defendant and (ii) clearly set forth all factual allegations upon which each asserted claim is based;
   a. Plaintiff shall have 21 days from the date of entry of this order in which to file an amended complaint (1) identifying each and every defendant, and (2) alleging what each defendant did to cause her harm;
   b. If Plaintiff fails to file an amended complaint within 21 days from the date of entry of this order, the Clerk of Court is ordered to DISMISS the complaint WITHOUT

PREJUDICE; and

2. Defendants' motion to dismiss [DE-10] is DENIED AS MOOT without prejudice.

SO ORDERED this 9th day of September, 2026.

Richard E Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE